Opinion issued December 2, 2004










In The
Court of Appeals
For The
First District of Texas




NO. 01-03-01104-CV




ROBERT BLAND, MARY HARGRAVES, MICHAEL ROBERT BLAND,
PATRICK BOUX BLAND, AND ROBERT DALLAS BLAND, Appellants

V.

THE UNIVERSITY OF TEXAS MEDICAL BRANCH AT GALVESTON,
Appellee




On Appeal from the 10th District Court
Galveston County, Texas
Trial Court Cause No. 02CV0955-A




MEMORANDUM OPINION
          This is an accelerated appeal of the trial court’s granting of appellee’s plea to
the jurisdiction based on governmental immunity. Appellee, The University of Texas
Medical Branch at Galveston (“UTMB”), allegedly mishandled the willed body and
remains of Catherine Boileau Bland (“decedent”). Appellants are the decedent’s
husband and children. In three issues, appellants assert that the trial court’s dismissal
was error because their allegations stated or properly alleged the following: (1) a
cognizable tort claim arising from UTMB’s legal duty to properly handle human
remains; (2) a “use of tangible personal property” under the Tort Claims Act based
on UTMB’s use of the body of decedent; and (3) a breach of contract claim from
which UTMB is not immune. We affirm.
BACKGROUND
          Catherine Bland (“decedent’) bequeathed her body to the Anatomical Board
for assignment to UTMB or to UTMB directly. After her death, her husband,
appellant Robert Bland, signed a donation agreement. The donation agreement
recited that UTMB, after using decedent’s body for the advancement of medical
science, would cremate decedent’s remains and return her ashes to her designated
family member. In July of 2002, UTMB informed appellants by letter that it would
be unable to return decedent’s ashes because the ashes had been commingled with the
ashes of other donated bodies. Appellants sued UTMB, asserting causes action for
negligence, negligent supervision, negligent entrustment, negligence per se, breach
of contract, and constructive fraud. Appellants rely on an alleged “special
relationship” with UTMB that would permit them to recover damages for mental
anguish and emotional distress without asserting a physical injury.DISCUSSION
          This Court decided a case arising out of the same facts and circumstances in
Noah v. University of Texas Medical Branch at Galveston, Nos. 01-03-00985 & 01-03-00986-CV, 2004 WL 1794642 (August 12, 2004, pet. denied). In Noah, we
addressed all of the issues presented by appellant. See id. We hold that Noah is
determinative of this case and overrule appellants’ three issues. 
CONCLUSION
          We affirm the judgment of the trial court.
           
                                                             Sam Nuchia
                                                             Justice
 
Panel consists of Justices Nuchia, Higley, and Hanks.